RODGER M. LANDAU (State Bar No. 151456)
rlandau@lgbfirm.com
ROYE ZUR (State Bar No. 273875)
rzur@lgbfirm.com
RACHEL FRANZOIA (State Bar No. 294652)
rfranzoia@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Plaintiff Howard B. Grobstein,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>LYDIA SANTAMARIA,<br><br>          Debtor.<br><br>HOWARD B. GROBSTEIN, CHAPTER 7 TRUSTEE,<br><br>          Plaintiff,<br><br>    vs.<br><br>CHARLES A. SANTAMARIA and VANESSA N. LESLIE,<br><br>          Defendants. | Case No. 6:14-bk-17436-WJ<br><br>Chapter 7<br><br>Adv. No. 6:15−ap−01327−WJ<br><br>**SUMMONS SERVICE EXECUTED RE SERVICE OF:**<br><br>**1) COMPLAINT;**<br><br>**2) SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]; AND**<br><br>**3) PLAINTIFF'S NOTICE OF REQUIRED COMPLIANCE WITH FRBP 7026 AND LBR 7026-1**<br><br><u>**Status Conference Date and Time:**</u><br>Date:  January 28, 2016<br>Time:  10:30 a.m.<br>Place:  Courtroom 304<br>         3420 Twelfth Street<br>         Riverside, CA 92501 |

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Plaintiff Howard B. Grobstein, the Chapter 7 trustee for the estate of Lydia Santamaria,

2  submits the Declaration of Sarah Deiches reflecting the Plaintiff's service of:

3    1.    Complaint;

4    2.    Summons and Notice of Status Conference; and

5    3.    Notice of Required Compliance with Federal Rule of Bankruptcy Procedure 7026

6  and Local Bankruptcy Rule 7026-1.

7

8

DATED:  November 6, 2015

9
                                    Roye Zur
10                                  Landau Gottfried & Berger LLP
                                    Attorneys for Plaintiff Howard B. Grobstein,
11                                  Chapter 7 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### DECLARATION OF SARAH DEICHES

I, Sarah Deiches, hereby declare as follows:

1.      I am over 18 years of age, and I am not a party to the above-captioned bankruptcy case or adversary proceeding.  My business address is 1801 Century Park East, Suite 700, Los Angeles, CA 90067.

2.      On November 6, 2015, as shown by the attached Proof of Service, I served the *Complaint for Avoidance and Recovery of Fraudulent Transfer* [docket no. 1]; the *Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004−1]* issued by the Clerk of the Court [docket no. 2]; and the *Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1* on the defendants listed on the attached Proof of Service.  I did so by placing true and correct copies of those documents in an envelope with first class postage thereon fully prepaid, addressed to each of the defendants at the addresses shown on the attached Proof of Service.  On the same day correspondence is placed for collection and mailing in that outgoing mail box, such correspondence is deposited in the ordinary course of business in a United States Postal Service mailbox by a Landau, Gottfried, & Berger LLP employee.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this 6th day of November, 2015, at Los Angeles, California.

_____
                Sarah Deiches

EXHIBIT 1

RODGER M. LANDAU (State Bar No. 151456)
rlandau@lgbfirm.com
ROYE ZUR (State Bar No. 273875)
rzur@lgbfirm.com
RACHEL FRANZOIA (State Bar No. 294652)
rfranzoia@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Plaintiff Howard B. Grobstein,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>LYDIA SANTAMARIA,<br><br>Debtor. | Case No. 6:14-bk-17436-WJ<br><br>Adv. No. _____<br><br>Chapter 7 |
| HOWARD B. GROBSTEIN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES A. SANTAMARIA and VANESSA N. LESLIE,<br><br>Defendants. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER**<br><br>Date:   [Refer to Summons]<br>Time:   [Refer to Summons]<br>Place:  Courtroom 302<br>        3420 Twelfth Street<br>        Riverside, California 92501<br><br>Hon. Wayne E. Johnson |

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 1
3

Plaintiff Howard B. Grobstein, the Chapter 7 trustee in the above-captioned bankruptcy case (the "Trustee" or "Plaintiff") alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

2.    This action is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2).  To the extent that this may be a non-core proceeding, the Trustee consents to entry of final orders or judgment by this Court.

3.    This action constitutes an adversary proceeding within the meaning of Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

**II.**

**THE PARTIES**

4.    On June 5, 2014 (the "Petition Date"), Lydia Santamaria (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").  Plaintiff Trustee is the duly appointed Chapter 7 trustee of the Debtor's bankruptcy estate. Because the Trustee was appointed after the occurrence of the facts alleged in this Complaint, he has no personal knowledge of such facts.  Accordingly, the Trustee alleges all such facts on information and belief based on the Debtor's testimony at her meeting of creditors, a review of documents and pleadings filed in this Bankruptcy Case and his professionals' review of the Debtor's books and records that were made available to them.

5.    Plaintiff is informed and believes, and based thereon alleges that defendant herein Charles A. Santamaria ("Charles") is an individual, currently residing in or doing business in the State of Washington, County of King.

6.    Plaintiff is informed and believes, and based thereon alleges that defendant herein Vanessa N. Leslie ("Leslie") is an individual, currently residing in or doing business in the State of California, County of San Bernardino.

7.    Plaintiff is informed and believes, and based thereon alleges that Charles is the son

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

EXHIBIT 1
4

1   of the Debtor and Leslie is the daughter of the Debtor.

2       8.     The Trustee reserves his right to amend this Complaint to allege additional claims

3   against Charles and Leslie (collectively, the "<u>Defendants</u>") and to challenge and recover transfers

4   made to or for the benefit of the Defendants in addition to those transfers alleged in this Complaint.

5                                          **III.**

6                            **<u>GENERAL ALLEGATIONS</u>**

7       9.     Section 101(54) of the Bankruptcy Code defines the term "transfer" as "each mode,

8   direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with"

9   property or an interest in property.

10       10.     Plaintiff is informed and believes, and based thereon alleges that Defendants and the

11   Debtor own the real property located at 10907 Deer Valley Road, Yucaipa, CA 92399 (the

12   "<u>Property</u>") as joint tenants.

13       11.     Plaintiff is informed and believes, and based thereon alleges that the Debtor resides

14   at the Property.

15       12.     Plaintiff is informed and believes, and based thereon alleges that within two years of

16   the Petition Date, on or about March 26, 2013, the Debtor transferred, or caused to be transferred,

17   her 100% ownership interest in the Property to the Defendants and the Debtor as joint tenants (the

18   "<u>Fraudulent Transfer</u>").

19       13.     Plaintiff is informed and believes, and based thereon alleges that Defendants did not

20   take the Fraudulent Transfer for reasonably equivalent value.  The Trustee obtained a copy of the

21   grant deed for the Property, which states that the transfer "is a bonafide gift and the grantor received

22   nothing in return."  A true and correct copy of the grant deed is attached hereto as **Exhibit A**.

23                                          **IV.**

24                        **<u>FIRST CLAIM FOR RELIEF</u>**

25            **[To Avoid and Recover Actual Fraudulent Transfer]**

26                **[11 U.S.C. §§ 548(a)(1)(A) and 550]**

27       14.     Plaintiff refers to the allegations contained in paragraphs 1 through 13, and by such

28   reference incorporates those allegations herein.

2

EXHIBIT 1
5

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

15. Plaintiff is informed and believes, and based thereon alleges that the Fraudulent Transfer constituted a transfer of property of the Debtor to, or for the benefit of, the Defendants. The Fraudulent Transfer constitutes a "transfer" within the meaning of 11 U.S.C. § 101(54).

16. Plaintiff is informed and believes, and based thereon alleges that the Debtor made the Fraudulent Transfer with the actual intent to hinder, delay, or defraud her creditors. *Hasse v. Rainsdon (In re Pringle)*, 495 B.R. 447, 467 (9th Cir. BAP 2013) ("[b]ecause direct evidence of intent is rare, courts tend to infer the existence of an intentional fraudulent transfer from the circumstances surrounding the transfer").

17. Plaintiff is informed and believes, and based thereon alleges that Defendants are "insiders" of the Debtor pursuant to 11 U.S.C. § 101(31)(A)(i), because they are the Debtor's children. *See Acequia, Inc. v. Clinton (In re Acequia, Inc.)* 34 F.3d 800, 806 (9th Cir. 1994) (the inference can be based on recognized indicia or badges of fraud, which include "a special relationship between the debtor and the transferee").

18. Plaintiff is informed and believes, and based thereon alleges that at the time of the Fraudulent Transfer, the debts of the Debtor exceeded her assets and, accordingly, that the Debtor was insolvent within the meaning of the Bankruptcy Code. *See Acequia*, 34 F.3d at 806 ("[a]mong the more common circumstantial indicia of fraudulent intent at the time of the transfer [is] … insolvency or other unmanageable indebtedness of the part of the debtor").

19. Specifically, at the time the Bankruptcy Case was filed, the Debtor's schedules indicated that the Debtor's debts were nearly two times greater than the Debtor's assets. *See Akers v. Koubourlis (In re Koubourlis)*, 869 F.2d 1319, 1322 (9th Cir. 1989) (bankruptcy court may rely on schedules in assessing debtor's insolvency); *Jones v. Burdette (In re Prince)*, 321 Fed. Appx. 599, 600 (9th Cir. 2008) (same).

20. Plaintiff is informed and believes, and based thereon alleges that the Debtor retained an interest in the Property after the Fraudulent Transfer. Specifically, but not by way of limitation, the grant deed for the Property states that the Debtor granted the property to "Lydia Santamaria, an unmarried woman, Charles A. Santamaria, a married man, Vanessa N. Leslie, a married woman all as Joint Tenants." **Exhibit A.** *See Acequia*, 34 F.3d at 806 ("[a]mong the more common

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

EXHIBIT 1
6

circumstantial indicia of fraudulent intent at the time of the transfer [is] … retention by the debtor of the property involved in the putative transfer").   The Debtor also continues to retain a possessory interest in the Property.

21.    Plaintiff is informed and believes, and based thereon alleges that Defendants did not take the Fraudulent Transfer in good faith and/or for reasonably equivalent value.  Specifically, but not by way of limitation, the grant deed for the Property states that the transfer "is a bonafide gift and the grantor received nothing in return." **Exhibit A.**

22.    By reason of the foregoing, (i) pursuant to 11 U.S.C. § 548(a)(1)(A), Plaintiff may avoid the Fraudulent Transfer and (ii) pursuant to 11 U.S.C. § 550, Plaintiff may recover from Defendants the Property or the value thereof plus interest thereon from and after the date of the Fraudulent Transfer to the date of recovery at the maximum legal rate.

<strong>V.</strong>

<strong><u>SECOND CLAIM FOR RELIEF</u></strong>

<strong>[To Avoid and Recover Constructive Fraudulent Transfer]</strong>

<strong>[11 U.S.C. § 548(a)(1)(B) and 550]</strong>

23.    Plaintiff refers to the allegations contained in paragraphs 1 through 22, and by such reference incorporates those allegations herein.

24.    Plaintiff is informed and believes, and based thereon alleges that Defendants did not take the Fraudulent Transfer in good faith and/or for reasonably equivalent value.  Specifically, but not by way of limitation, the grant deed for the Property states that the transfer "is a bonafide gift and the grantor received nothing in return." **Exhibit A.**

25.    Plaintiff is informed and believes, and based thereon alleges that at the time of the Fraudulent Transfer, the debts of the Debtor exceeded her assets and, accordingly, that the Debtor was insolvent within the meaning of the Bankruptcy Code.

26.    Specifically, at the time the Bankruptcy Case was filed, the Debtor's schedules indicated that the Debtor's debts were nearly two times greater than the Debtor's assets.  *See Akers v. Koubourlis (In re Koubourlis)*, 869 F.2d 1319, 1322 (9th Cir. 1989) (bankruptcy court may rely on schedules in assessing debtor's insolvency); *Jones v. Burdette (In re Prince)*, 321 Fed. Appx.

4

EXHIBIT 1
7

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    599, 600 (9th Cir. 2008) (same).

2        27.    By reason of the foregoing, (i) pursuant to 11 U.S.C. § 548(a)(1)(B), Plaintiff may

3    avoid the Fraudulent Transfer and (ii) pursuant to 11 U.S.C. § 550, Plaintiff may recover from

4    Defendants the Property or the value thereof plus interest thereon from and after the date of the

5    Fraudulent Transfer to the date of recovery at the maximum legal rate.

6                                **VI.**

7                        **<u>PRAYER FOR RELIEF</u>**

8        Wherefore, Plaintiff prays for judgment as follows:

9        1.    On the First Claim for Relief, for a judgment against Defendants that (a) avoids and

10    sets aside the Fraudulent Transfer; and (b) requires the Defendants immediately to convey to

11    Plaintiff the Property, or its value plus interest thereon at the legal rate;

12        2.    On the Second Claim for Relief, for a judgment against Defendants that (a) avoids

13    and sets aside the Fraudulent Transfer; and (b) requires the Defendants immediately to convey to

14    Plaintiff the Property, or its value plus interest thereon at the legal rate;

15        3.    For costs and expenses incurred herein; and

16        4.    For such other and further relief as the Court deems just and proper.

17

18

19    DATED:  November 5, 2015

                                    ROYE ZUR
20                                  LANDAU GOTTFRIED & BERGER LLP
                                    Attorneys for Plaintiff Howard B. Grobstein,
21                                  Chapter 7 Trustee

22

23

24

25

26

27

28

5

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 1
8

# EXHIBIT A

EXHIBIT 1
9

Recorded in Official Records, County of San Bernardino    3/27/2013
1:01 PM
NP

**DENNIS DRAEGER**
ASSESSOR – RECORDER – CLERK

P Counter

Doc#: **2013−0124892**

| Titles: | 1 | Pages: | 2 |
|---|---|---|---|

| Fees | 18.00 |
|---|---|
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $18.00 |

RECORDING REQUESTED BY:

Charles
Lydia Santamaria

AND WHEN RECORDED MAILTO:

Lydia Santamaria
10907 Deer Valley Rd.
Yucaipa, CA  92399

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

A.P.N.:  **0321-481-16-0-000**    Order No.:    Escrow No.:

## GRANT DEED

This is a bonafide gift and the grantor received nothing in return R & T 11911

DOCUMENTARY TRANSFER TAX $_____-0-_____

..Computed on the consideration or value of property conveyed; OR

..Computed on the consideration or value less liens or encumbrances remaining at time of sale.

_____
Signature of Declarant or Agent determining tax - Firm Name

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Lydia Santamaria**

hereby GRANT(S) to  **Lydia Santamaria, an unmarried woman, Charles A. Santamaria, a married man, Vanessa N. Leslie, a married woman all as Joint Tenants.**

the real property in the City of **Yucaipa**_____, County of **San Bernardino**, State of California, described as:
**"More particularly described in Exhibit "A" attached herein and made a part hereof."**

Dated **March 26, 2013**_____

STATE OF CALIFORNIA
COUNTY OF  **San Bernardino**_____

On  **3-26-2013**_____ before me,  **Carol Ann Flis, Notary Public**_____

personally appeared  **Lydia Santamaria**_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)

is/are subscribed to the within instrument and acknowledged to me that he/she/they

executed the same in his/her/their authorized capacity(ies), and that by his/her/their

signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s)

acted, executed the instrument.

_____
Lydia Santamaria

I certify under the PENALTY OF PERJURY under the laws of the State of California that the

foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Carol Ann Flis_    (Notary seal)
Signature

**CAROL ANN FLIS**
Comm. #1922876
Notary Public - California
San Bernardino County
Comm. Expires Feb 19, 2015

Mail tax statements to: _____ **Same as above**_____

EXHIBIT " A "

LOT 16  OF TRACT NO. 15967-1, IN THE CITY OF YUCAIPA, AS SHOWN BY
MAP ON FILE IN BOOK 282, PAGES 1 THROUGH 4, INCLUSIVE OF MAPS,
RECORDS OF SAN BERNARDINO COUNTY, CALIFORNIA.

THIS CONVEYANCE IS MADE AND ACCEPTED AND SAID PROPERTY IS
HEREBY MADE SUBJECT TO THOSE CERTAIN COVENANTS, CONDITIONS
AND RESTRICTIONS CONTAINED IN THAT CERTAIN DECLARATION OF
RESTRICTIONS RECORDED JUNE 10, 2002 AS INSTRUMENT NO. 2002-293986
OF OFFICIAL RECORDS OF SAN BERNARDINO COUNTY ALL OF WHICH BY
THIS REFERENCE ARE HEREBY INCORPORATED AND MADE A PART
HEREOF AS THOUGH FULLY SET FORTH HEREIN

EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Roye Zur<br>Landau Gottfried & Berger LLP<br>1801 Century Park E Ste 700<br>Los Angeles, CA 90067<br><br>310–557–0050<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

| In re:<br><br>Lydia Santamaria<br><br><br>Debtor(s). | CASE NO.:  6:14–bk–17436–WJ<br><br>CHAPTER:  7<br><br>ADVERSARY NUMBER: 6:15–ap–01327–WJ |
|---|---|
| Howard B. Grobstein, Chapter 7 Trustee<br><br><br>Plaintiff(s)<br>Versus<br>Charles A. Santamaria<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **12/05/2015.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

|  |  |
|---|---|
| Date: | **January 28, 2016** |
| Time: | **10:30 AM** |
| Hearing Judge: | **Wayne E. Johnson** |
| Location: | **3420 Twelfth St., Crtrm 304, Riverside, CA 92501** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_June 2012_                                   Page 1                                   **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
12

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                    **KATHLEEN J. CAMPBELL**
                                    **CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>November 5, 2015</u>


                        By: _____"s/" Yvonne Gooch_____

                                Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                    Page 2            **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
13

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Howard B. Grobstein, Chapter 7 Trustee | Charles A. Santamaria<br>Vanessa N. Leslie |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**

EXHIBIT 2
14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
Date                                        Printed Name                              Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
15

EXHIBIT 3

RODGER M. LANDAU (State Bar No. 151456)
rlandau@lgbfirm.com
ROYE ZUR (State Bar No. 273875)
rzur@lgbfirm.com
RACHEL FRANZOIA (State Bar No. 294652)
rfranzoia@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Plaintiff Howard B. Grobstein,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>LYDIA SANTAMARIA,<br><br>Debtor. | Case No. 6:14-bk-17436-WJ<br><br>Chapter 7<br><br>Adv. No. 6:15−ap−01327−WJ |
| HOWARD B. GROBSTEIN, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES A. SANTAMARIA and VANESSA N. LESLIE,<br><br>Defendants. | **PLAINTIFF'S NOTICE OF REQUIRED COMPLIANCE WITH FRBP 7026 AND LBR 7026-1**<br><br>**Status Conference Date and Time:**<br>Date:  January 28, 2016<br>Time:  10:30 a.m.<br>Place:  Courtroom 304<br>          3420 Twelfth Street<br>          Riverside, CA 92501 |

EXHIBIT 3
16

**TO ALL DEFENDANTS:**

**PLEASE TAKE NOTICE** that Howard B. Grobstein, the Chapter 7 trustee for the estate of Lydia Santamaria and the plaintiff in the above-captioned adversary proceeding hereby gives notice that compliance with the requirements under Rule 7026 of the Federal Rules of Bankruptcy Procedure as well as Local Bankruptcy Rule ("LBR") 7026-1 is required. A copy of LBR 7026-1 is attached hereto as Exhibit "A."

DATED:  November 6, 2015

Roye Zur
Landau Gottfried & Berger LLP
Attorneys for Plaintiff Howard B. Grobstein,
Chapter 7 Trustee

1

EXHIBIT 3
17

EXHIBIT A

EXHIBIT 3
18

LBR 7026-1

### LBR 7026-1.  DISCOVERY

(a)  **General.**  Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

    (1)  Notice.  The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

    (2)  Proof of Service.  The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

(b)  **Discovery Conference and Disclosures.**

    (1)  Conference of Parties.  Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

    (2)  Joint Status Report.  Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2).  The joint status report will serve as the written report of the meeting required by FRBP 7026.

(c)  **Failure to Make Disclosures or Cooperate in Discovery.**

    (1)  General.  Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

    (2)  Meeting of Counsel.  Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute.  It is the responsibility of counsel for the moving party to arrange the conference.  Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

    (3)  Moving Papers.  If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

        (A)  The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

(B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

(C) In the absence of such stipulation or a declaration of counsel of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) <u>Cooperation of Counsel; Sanctions</u>. The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5) <u>Contempt</u>. LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

## LBR 7026-2.  <u>DISCOVERY DOCUMENTS – RETENTION, FILING, AND COPIES</u>

(a)  **Retention by Propounding Party.**  The following discovery documents and proof of service thereof must not be filed with the clerk until there is a proceeding in which the document or proof of service is in issue:

(1) Transcripts of depositions upon oral examination;
(2) Transcripts of depositions upon written questions;
(3) Interrogatories;
(4) Answers or objections to interrogatories;
(5) Requests for the production of documents or to inspect tangible things;
(6) Responses or objections to requests for the production of documents or to inspect tangible things;
(7) Requests for admission;
(8) Responses or objections to requests for admission;
(9) Notices of Deposition, unless filing is required in order to obtain issuance of a subpoena in another district; and
(10) Subpoena or Subpoena Duces Tecum.

(b)  **Period of Retention for Discovery Documents.**   Discovery documents must be held by the attorney for the propounding party pending use pursuant to this rule for the period specified in LBR 9070-1(b) for the retention of exhibits, unless otherwise ordered by the court.

(c)  **Filing of Discovery Documents.**

(1) When required in a proceeding, only that part of the document that is in issue must be filed with the court.

EXHIBIT 3
20

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU GOTTFRIED & BERGER LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled: _**1) Complaint for Avoidance and Recovery of Fraudulent Transfer; 2) Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004−1]; and 3) Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-**_1 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (date) **November 6, 2015** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Charles A. Santamaria
13208 SE 306TH ST
AUBURN, WA 98092-3278

Vanessa N. Leslie
31104 ALTA VISTA DR
REDLANDS, CA 92373-7595

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 6, 2015 | Sarah Deiches | _Sarah Deiches (signature)_ |
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_December 2012_

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU GOTTFRIED & BERGER LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled:
***Summons Service Executed re Service of:***
***1) Complaint;***
***2) Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004−1]; and***
***3) Plaintiff's Notice of Required Compliance with FRBP 7026 And LBR 7026-1***
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 6, 2015,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Howard B Grobstein (TR)**   hbgtrustee@gtfas.com, C135@ecfcbis.com
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov
- **Roye Zur**   rzur@lgbfirm.com, kalandy@lgbfirm.com;rspahnn@lgbfirm.com;srichmond@lgbfirm.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 6, 2015** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| The Honorable Wayne E. Johnson<br>United States Bankruptcy Court<br>Central District of California<br>3420 Twelfth Street, Suite 384 / Courtroom 304<br>Riverside, CA 92501-3819 | Charles A. Santamaria<br>13208 SE 306TH ST<br>AUBURN, WA 98092-3278 | Vanessa N. Leslie<br>31104 ALTA VISTA DR<br>REDLANDS, CA 92373-7595 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 6, 2015 | Sarah Deiches | *[signature]* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.